UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00707-MWC-ADS                                    Date: February 21, 2026

Title:     Sachin Sachin v. Warden of the Desert View Facility *et al*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. 3) and Setting Order to Show Cause re Preliminary Injunction**

      Before the Court is Petitioner Sachin Sachin's ("Petitioner") *ex parte* Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (the "Application"). Dkt. # 3 ("*App.*"). Petitioner seeks a temporary restraining order ("TRO") ordering Respondents Warden of the Desert View Facility; Todd Lyons, Acting Director of Immigration and Customs Enforcement; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents") to (1) issue a TRO prohibiting Respondents from transferring Petitioner outside the Central District of California during the pendency of this action; (2) order Petitioner's immediate release, or in the alternative, (3) order Respondents to provide an individualized bond hearing before an Immigration Judge within a fixed time period, with the burden on DHS; and (4) set an Order to Show Cause re preliminary injunction. *App.* 13. Respondents opposed the Application. *See* Dkt. # 9 ("*Opp.*"). For the reasons set forth below, the Court **GRANTS** the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00707-MWC-ADS                                   Date: February 21, 2026

Title:   Sachin Sachin v. Warden of the Desert View Facility *et al*

I.   Background[1]

Petitioner Sachin is a native and citizen of India who entered the United States without inspection on October 27, 2023.  *App.* 2.  Shortly after entry, the Department of Homeland Security ("DHS") briefly detained Petitioner pursuant to a Form I-200 Warrant for Arrest of Alien and then released him on an Order of Release on Recognizance ("ROR"), subject to supervision through Alternatives to Detention ("ATD") program.  *Id.*; *see* Dkt. # 1-1 ("*Kaur Decl.*"), Ex. B.  As conditions of release, Petitioner was required to comply with ATD monitoring and report regularly to Immigration and Customs Enforcement ("ICE").  *App.* 3.

On October 31, 2023, DHS served Petitioner with a Notice to Appear ("NTA"), charging him solely under INA § 212(a)(6)(A)(i).  *Id.*; *see Kaur Decl.*, Ex. A.  Petitioner has remained in pre-final-order removal proceedings since that time and has filed an application for asylum based on fear of persecution in India.  *App.* 2–3.

Petitioner asserts, and Respondents do not dispute, that, for over two years, Petitioner fully complied with every condition imposed by DHS.  *Id.* 2.  He never missed a check-in, never violated ATD conditions, never absconded, and was never accused of noncompliance, danger, or flight risk.  *Id.*  He lived openly at a known address, maintained employment, and integrated into his community.  *Id.*  DHS repeatedly reaffirmed that Petitioner could safely remain at liberty while his removal proceedings were pending.  *Id.*

Despite Petitioner's perfect compliance and the absence of any changed circumstances, ICE re-detained Petitioner on February 12, 2026, while he was walking to his car from his apartment complex.  *Id.*  ICE did not present a warrant, allege any criminal activity, identify any new misconduct, or conduct an individualized custody determination.  *Id.*

On February 15, 2026, Petitioner filed a petition for writ of habeas corpus, *see Pet.*, and the instant Application, *see App.*  On February 16, 2026, the Court issued an order setting a briefing schedule for the Application and enjoining Respondents from removing

---

[1] Unless otherwise indicated, the following factual background is derived from the Petition and/or Application.  *See* Dkts. # 1 ("*Pet.*"), *App*.  The Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00707-MWC-ADS                              Date: February 21, 2026

Title:    Sachin Sachin v. Warden of the Desert View Facility *et al*

or relocating Petitioner outside of this District during the pendency of Petitioner's case. Dkt. # 7. On February 18, 2026, Respondents filed an opposition to the Application. *Opp.*

II.     Legal Standard

    A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

    B.     Temporary Restraining Orders and Preliminary Injunctions

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00707-MWC-ADS        Date: February 21, 2026

Title:   Sachin Sachin v. Warden of the Desert View Facility *et al*

the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

A preliminary injunction is "an extraordinary and drastic remedy" and "should not be granted unless the movant, by clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quotations omitted). At this stage, the Court is only determining whether Petitioner has met his burden for a temporary restraining order. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Accordingly, this Order is not a final decision on the merits of any claim, nor is it a decision on the merits of the factual assertions either party made in support of any claim.

III.   Discussion

   A.   *Ex Parte* Application and *Mission Power* Factors

The Court finds that Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since February 12, 2026, and avers that his detention was unlawful. *See App.* If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Since Petitioner asserts he has been detained unlawfully, the Court finds *ex parte* relief warranted.

   B.   Request for Release from Detention

For the reasons discussed below, the Court concludes Petitioner has established at least the presence of "serious questions going to the merits" on his request for release from detention, so a TRO may issue. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The Court discusses each of the *Winter* factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00707-MWC-ADS                                                   Date: February 21, 2026

Title:     Sachin Sachin v. Warden of the Desert View Facility *et al*

>    *i.*     *Likelihood of Success on the Merits*
>
>           *a.*     *Whether the Court may grant immediate release*

While Respondents concede Petitioner is entitled to some relief, their sole argument opposing the Application is that relief should be limited to a bond hearing under 8 U.S.C. § 1226(a), and not immediate release, because "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)." *See Opp.* 2.

As an initial matter, it appears Petitioner is not a member of the *Bautista* Bond Eligible Class, which encompasses "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *26–27. Here, Petitioner was detained on the day of his entry without inspection and then released on an order of recognizance, so he falls outside the class. *See App.* 2; *Kaur Decl.*, Ex. B; *see, e.g.*, *Sompal Sompal v. Fereti Semaia, et al.*, No. 5:26-CV-00320-CV (SPX), 2026 WL 311587, at *2 n.2 (C.D. Cal. Feb. 3, 2026) (holding petitioner was not member of Bond Eligible Class where petitioner "was apprehended upon arrival, released on an order of recognizance, and then subsequently re-detained.").

Respondents also fail to recognize that a bond hearing constitutes post-deprivation relief, which has no bearing on whether Respondents provided the requisite pre-deprivation relief. *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025))). Further, the purpose of a TRO is to preserve "the last uncontested status which preceded the pending controversy." *Flathead-Lolo-Bitterroot Citizen Task Force v. Mont.*, 98 F.4th 1180, 1191 (9th Cir. 2024). Here, the last uncontested status preceding the pending controversy was Petitioner's release on recognizance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00707-MWC-ADS             Date: February 21, 2026

Title:     Sachin Sachin v. Warden of the Desert View Facility *et al*

       For these reasons, the Court may properly consider Petitioner's request for immediate release.

       b.       *Request for release from detention*

       In the Petition, Petitioner brings claims for violations of his Fifth Amendment rights to substantive and procedural due process, the Immigration and Nationality Act, and Fourth Amendment right against a warrantless arrest. *Pet.* Petitioner argues that that he is likely to succeed on the merits of the claims in his Petition "because Respondents' detention determination is unauthorized under the Immigration and Nationality Act (INA) and contrary to decades of settled practice." *App.* 5–7.

       Petitioner has demonstrated a likelihood of success on the merits of his claims that immigration authorities deprived him of the procedural protections that the Due Process Clause of the Constitution requires. *See App.* 6-7. "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 242 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

       Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke his liberty, and that reliance was justifiable given his compliance with all conditions applicable to his Release on Recognizance. *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Since Petitioner's detention separates him from his family, community, and employment, *App.* 8, Petitioner's private interest in remaining free from detention is significant. Thus, the first *Mathews* factor tips in favor of granting Petitioner's release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00707-MWC-ADS                                                    Date: February 21, 2026

Title:   Sachin Sachin v. Warden of the Desert View Facility *et al*

Second, Petitioner states that he received no pre-deprivation process of any kind. *See App.* 5.  Instead, he was detained by ICE officers while walking to his car from his apartment complex, without being presented a judicial warrant or notified of any violation of release conditions or criminal conduct.  "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC (EMC), 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) ("The constitution typically 'requires some kind of a hearing before the State deprives a person of liberty or property.'") (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).  For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Third, the Court considers the government's interests.  Though the government has an interest in the steady enforcement of its immigration laws, its interest in detaining Petitioner without any procedural protections is slight.  *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).  The Court finds the third *Mathews* factor favors granting Petitioner's release from detention.

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

       ii.      *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)).

Here, as noted, Petitioner is forced to litigate his immigration case from confinement, separated from his family, employment, and community ties, and deprived of the liberty that DHS previously determined he could safely enjoy.  *App.* 8.  Since denying Petitioner's Application would continue to deprive him of liberty without due process and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00707-MWC-ADS                                            Date: February 21, 2026

Title:    Sachin Sachin v. Warden of the Desert View Facility *et al*

subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

        *iii.*      *Balance of Equities and Public Interest*

The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, Respondents have not articulated any interest in continuing to detain Petitioner in this case, *see Opp.*, nor is it clear that any such interest exists. Moreover, the balance of equities and the public interest factors tip in favor of Petitioner, because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors the Court has examined herein, Petitioner is entitled to immediate release from detention.

IV.    <u>Bond Requirement</u>

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00707-MWC-ADS            Date: February 21, 2026

Title:    Sachin Sachin v. Warden of the Desert View Facility *et al*

(cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan*, 2025 WL 2014208, at *8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh*, 2025 WL 3306272, at *6 (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** Respondents to release Petitioner from detention immediately under the same conditions Petitioner was subject to prior to his February 12, 2026, detention. The Court **ENJOINS** Respondents from re-detaining Petitioner without providing notice and a pre-deprivation hearing.

The Court **ORDERS** Respondents to show cause in writing no later than 7 days after this Order as to why a preliminary injunction should not issue. Petitioner may file a response no later than 7 days after Respondents' filing.

     **IT IS SO ORDERED.**

                                                       :
                                 **Initials of Preparer**    TJ